# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1227V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
KEITH VARELA, *on behalf of his*  \*
*minor child*, M.V.,              \*     Filed: January 6, 2016
                                  \*
           Petitioner,            \*
     v.                           \*     Vaccine Act Entitlement;
                                  \*     Denial Without Hearing
SECRETARY OF HEALTH               \*
AND HUMAN SERVICES,               \*
                                  \*
           Respondent.            \*
                                  \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Ryan Pyles*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE[1]

On December 22, 2014, Keith Varela filed a petition on behalf of his minor child M.V., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleges that the "over-vaccination" that M.V. experienced on March 16, 2012, caused him to develop neurological symptoms, including speech delay and developmental delay. *See* Pet. at 1 (ECF No. 1). After Petitioner filed his medical records and Respondent filed her 4(c) Report disputing compensation, I ordered Petitioner to file an expert report supporting his

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

claim. Petitioner missed several deadlines for his expert report, despite having over six months to do so, and ultimately did not file a report.

On January 6, 2016, Petitioner filed an unopposed Motion for a Decision Dismissing His Petition. Mot. to Dismiss (ECF No. 25). In it, Petitioner states that he is unlikely to succeed in meeting his burden of proof, particularly due to newly discovered evidence. *Id*. at 1. Petitioner also stated his understanding that the requested decision will end all of his rights in the Vaccine Program. *Id*. at 2. Mr. Varela intends to pursue civil action in the future, but in an effort to not waste judicial resources, requests dismissal of his current claim. *Id*. at 1-2. Respondent does not object.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence establishing that the alleged injury that Petitioner experienced could have been caused by the vaccinations received, or that it lasted more than six months (*see* § 11(c)(1)(D)(i)).

In addition, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof, and he has not offered an expert opinion supporting his claim. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master