# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-1227V
### (To be Published)

* * * * * * * * * * * * * * * * * * * * * * * *

KEITH VARELA, *on behalf of his*      *
*minor child*, M.V.,      *
     *
              Petitioner,      *
     v.      *
     *
SECRETARY OF HEALTH      *
AND HUMAN SERVICES,      *
     *
              Respondent.      *
     *

Special Master Corcoran

Filed: June 22, 2016

Attorney's Fees and Costs;
Dismissal Without Hearing;
Reasonable Basis.

* * * * * * * * * * * * * * * * * * * * * * * *

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Ryan Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DENYING ATTORNEY'S FEES AND COSTS[1]

       On December 22, 2014, Keith Varela filed a petition on behalf of his minor child M.V., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleged that the "over-vaccination" that M.V. experienced on March 16, 2012, caused him to develop neurological symptoms, including speech delay and developmental delay. *See* Pet. at 1 (ECF No. 1). Petitioner was unable to obtain sufficient evidentiary support for his claim, however, and later filed an unopposed Motion for a Decision Dismissing His Petition (ECF No. 25), which I granted by Order dated January 6, 2016 (ECF No. 26).

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an award of attorney's fees and costs in the combined amount of $21,622.62. App. for Attorney's Fees and Costs, dated Apr. 12, 2016 (ECF No. 31) ("Fees App.").[3] Respondent opposes the request, arguing that the claim lacks reasonable basis, and also maintaining in the alternative that the sum requested is too high given the case's history. For the reasons stated below, I deny Petitioner's request for attorney's fees and costs.

## Procedural History

As noted above, the case was filed in December 2014. Pet. at 1. The petition alleged that until the administration of the vaccinations at issue, M.V.'s development was normal. *Id.* at ¶6. However, Mr. Varela asserted that at a March 16, 2012, well-child visit (intended partially to ensure that M.V. had recovered from an automobile collision that had occurred approximately two weeks earlier), M.V. was improperly administered multiple vaccines at one time because he was behind on his vaccination schedule (although his pediatricians later attempted to cover up their mistake). *Id.* at ¶¶ 6-9. Thereafter, M.V. was observed to be feverish and to have experienced an immediate reaction. *Id.* at ¶¶ 10-11. By August of that same year, M.V.'s pediatrician observed M.V. to display cognitive and behavioral developmental problems. *Id.* at ¶¶ 12-13. These developmental deficiencies are alleged to have been caused by overexposure to vaccines in March 2012.

The history of counsel's representation of Petitioner bears on the present fees request. Over nine months before the matter was filed, Andrew D. Downing, Esq. began to work on the case. *See generally* Billing Records, attached as Ex. A to Fee App. at 3-4 and 13-40.[4] During this period, Mr. Downing switched firms; after he joined his present firm, Van Cott & Talamante, PLLC, he gained the assistance (for part of the case's life) of an associate, Jordan Redman, as well as two paralegals, Bob Cain and Danielle Avery.

Before the petition was filed, Mr. Downing billed 11.6 hours to the matter, while his associate Mr. Redman billed 15.6 hours. Ex. A to Fee App. at 3-4, 13-14, and 16-19. The billing records reveal efforts to obtain relevant medical records and analyze the strength of the claim. In particular, it is evident from those records that counsel was aware of the need to demonstrate that the vaccinations M.V. purportedly received in March 2012 had produced tangible and immediate effects for M.V., beyond his claimed developmental problems. *See, e.g.*, *Id.* at 13 (September 22, 2014, billing entry – "Call with [Petitioner] re: initial review of medical chart, possible claim for over vaccination and onset of [M.V.]'s symptoms; discussion as to additional records needing to show acute event").

---

[3] The total sum also includes costs incurred in preparation of the reply in litigating the present fees dispute. *See* Pet'r's Supplement, dated June 6, 2016 (ECF No. 34) ("Supplement").

[4] Mr. Varela did not separately file exhibits to the Fee Application as attachments. Counsel should do so in the future. *See* Vaccine ECF Rules, Section IV, Filing Requirements, numbered paragraph 10(a).

Overall, such pre-filing billing records reveal awareness of the contours of Petitioner's claim, but not a significant effort to evaluate its basis. Indeed, for a case that was filed nine months from the time Mr. Varela first contacted Mr. Downing, not much work was performed in advance of filing. Moreover, there was no time pressure on counsel to file the petition. Given that the vaccinations at issue occurred in March 2012, the case needed to be filed no sooner than March 2015 under the Vaccine Act's three-year limitations period. Section 16(a)(2). But the petition was actually filed almost three months earlier.

After the case's initiation, Petitioner filed a large set of medical records relevant to the claim (Notice, dated Jan. 22, 2015 (ECF No. 7)), followed by a statement of completion. *See* Feb. 5, 2015, Statement of Completion (ECF No. 8). In the first several months of 2015, Mr. Varela filed additional documents identified by Respondent as necessary for evaluation of the case, and then Respondent filed her Rule 4(c) Report on May 5, 2015. ECF No. 14.

In the Rule 4(c) Report, Respondent questioned whether Petitioner could make the threshold fact showing, based on the available record, that M.V. had received the vaccinations alleged in March 2012, since the existing contemporaneous record did not corroborate the assertion, suggesting instead that he had received them prior to that date or not long thereafter. ECF No. 14 at 5. She otherwise took the position that Mr. Varela's allegations that M.V.'s pediatrician had attempted to hide the mistaken administration of multiple vaccines at one time were far-fetched, and that establishing causation was doubtful, due to a lack of expert support as well as evidence in the record suggesting M.V.'s developmental problems began before March 2012. *Id.* at 6.

After review of the Rule 4(c) Report, I scheduled a status conference with the parties for May 12, 2015, during which the parties mainly addressed the problems with establishing proof of vaccination in March 2012. *See* Scheduling Order, dated May 12, 2015 (ECF No. 15). After such issues were resolved, I set a deadline of October 16, 2015, for the filing of Petitioner's expert report. *See* July 13, 2015, Scheduling Order (docket entry). Thereafter, Petitioner requested an extension of time until the end of November to so act, but missed the deadline, and was thereafter permitted until January 4, 2016, to file it. Order, dated Dec. 14, 2015 (ECF No. 22).

Instead of filing the report (which was now nearly six months overdue), Petitioner filed a motion explaining that he was having a difficult time obtaining an expert, and requesting a month's time to decide how to proceed. In response, I issued an Order to Show Cause directing Petitioner to explain why (given his failure to obtain an expert) the case should not be dismissed. Order, dated Jan. 5, 2016 (ECF No. 24). The next day, Petitioner filed a motion requesting a decision dismissing the case, which (as noted above) I granted that same day.

**Fees Application**

Petitioner filed the present fees application in April of this year. *See generally* Fees App. In it, he requests an award of $17,781.50 in fees reflecting the work performed on the case by Mr. Downing (20.1 hours at the rate of $350 per hour), plus Mr. Redman (36.2 hours at the rate of $195 per hour). *See generally* Ex. A to Fees App. He also asks that two paralegals (Mr. Cain and Ms. Avery) be reimbursed at the rate of $100 per hour for a combined total of 36.4 hours of work. *Id.* Finally, he requests reimbursement of $614.24 in other costs, which include copying, filing costs, and medical records charges, among other things. ECF No. 31 at 38-40.[5]

Respondent opposed the fees application on April 29, 2016. ECF No. 32 ("Opp."). She contested the action's reasonable basis, noting that the medical records revealed that in fact M.V. had not received too many vaccinations in March 2012 as alleged. Opp. at 9. She also questioned whether his developmental problems could even be shown to have any connection with vaccines, given some medical record support for the notion that M.V. was already experiencing speech delay a month before the vaccinations. *Id.* And she emphasized the amount of time Petitioner had to investigate the claim prior to its filing. *Id.* at 9-10.

Petitioner filed a lengthy reply in support of his fees application on May 12, 2016. ECF No. 33 ("Reply"). He stressed that fact issues relating to his allegations could not be resolved until June 2015 due to the relevant treater's refusal to cooperate in counsel's investigatory efforts. Reply at 4, 10-11. He noted as well that there was strong record support for a temporal association between the vaccinations and the onset of M.V.'s developmental problems. Reply at 8-9. He also proposed the existence of scientific support for the concept that overexposure to multiple vaccines at the same time could in fact result in an adverse reaction, offering medical literature to support the concept. *Id.* at 12-14.

The matter is now ripe for resolution.

---

[5] In addition, the recently-filed Supplement asks that the award also include an additional $5,549.38, reflecting 7.5 hours of Mr. Downing's time (billed at the same $350 hourly rate) incurred in response to Respondent's Opposition; 8.8 hours billed by his associate, Courtney Van Cott, at $195 per hour; .3 hours of paralegal time (billed at the same $100 hourly rate); and $125.38 of electronic legal research. Supplement at 4-7. Because I am denying the Fees Application overall, however, there is no need to address the merits of this portion of the overall request.

Case 1:14-vv-01227-UNJ   Document 38   Filed 08/15/16   Page 5 of 7

**ANALYSIS**

I have in prior decisions set forth at length the relevant legal standards governing attorney's fees awards in unsuccessful cases, and in particular the criteria to be applied when determining if a claim possessed "reasonable basis."[6] *See, e.g., Allicock v. Sec'y of Health & Human Servs.,* No. 15-485V, *slip op.* at 4-5(Fed. Cl. Spec. Mstr. May 26, 2016); *Gonzalez v. Sec'y of Health & Human Servs.,* No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, Vaccine Act petitioners must demonstrate, through some evidentiary showing and in light of the totality of the circumstances, that their claim had a reasonable basis for being pursued. The nature and extent of counsel's investigation into the claim's underpinnings, both before and after filing, is a highly relevant consideration. *Cortez v. Sec'y of Health & Human Servs.,* No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.,* No. 90–3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 255, 258–59 (1991)).

Here, two relevant and related factors are troubling, and weigh against a fees award. First, this is not a case where the Petitioner was forced to file on the eve of the expiration of the Act's limitations period. To the contrary – not only was the petition filed in December 2014, and thus prior to the earliest that date would have fallen (mid-March 2015), but counsel had been contacted by Mr. Varela, and begun working on the matter, *nine months* before that (and thus a year before the possible limitations cutoff). Counsel unquestionably had ample time to evaluate the claim.

Second, the fact issue central to the claim was not whether overexposure to vaccines could in theory harm an individual, but rather whether in this case it occurred at all. The Petition expressly alleged that multiple vaccines improperly administered at one time harmed M.V. Whether this occurred presented a factual issue that the record establishes Petitioner had months to address before filing the case. While Petitioner may be correct that the issue was not resolved until June 2015, that is not the same as arguing or establishing that it *could* not have been resolved sooner. The existing record does not suggest this. It also does not appear that counsel was thwarted in efforts to get to the bottom of this factual issue in the time before filing the case, or otherwise needed access to the discovery mechanisms available to Vaccine Act claimants before he could resolve the matter. Yet Petitioner did not request or require a subpoena to obtain the missing treater evidence, instead promptly filing a statement of completion in the case the month after its filing.

Petitioner references the "State of New Mexico Vaccination Card" provided to counsel as circumstantial evidence supporting the vaccine overexposure argument. Pet'r's Ex. 2; Reply at 10.

---

[6] Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one – and Respondent does not appear to question it in this case. *Grice v. Sec'y of Health & Human Servs.,* 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith).

This document contains notations characterizing certain vaccinations as provided "accidentally" or "too soon," thus seeming to confirm Petitioner's recollection. *Id.* This vaccination card, however, on its face appears merely to be a form allowing parents to maintain their own record of their child's vaccination history, rather than an official medical record that stands as reliable evidence of that history. Pet'r's Ex. 2 at 2 (providing instructions for filling out charts, and directing card-holder to "ask your medical provider to check your card and give any needed shots"). It thus appears merely to set forth Petitioner's recollection. Indeed, as Petitioner admits, the Vaccination Card is not even accurate as to the dates the over-vaccination occurred. Reply at 10. It was thus not a sufficiently reliable piece of evidence upon which to base this claim.

From the above, I conclude that the claim lacked reasonable basis when filed. I am cognizant of the fact that counsel otherwise acted diligently, especially in the prompt determination not to proceed with the matter once it was evident that Petitioner could not obtain expert support for his claim. I also do not consider the total sum expended in pursuit of the matter, up to the time of dismissal, to be facially unacceptable.[7] I have generally strained to find reasonable basis in the context of fees disputes wherever possible. *See, e.g.*, *Solak v. Sec'y of Health & Human Servs.*, No. 14-869V, 2015 WL 4692339 (Fed. Cl. Spec. Mstr. July 17, 2015) (granting interim fees request over Respondent's reasonable basis objection that claim was novel and highly unlikely to succeed). But I have been less willing to do so where the case turns on a factual matter (for example, the fact of vaccination) that could easily have been investigated, and resolved, by counsel well before the action was filed. *Livingston v. Sec'y of Health & Human Servs.*, No. 12-268V, 2015 WL 4397705, at *8-10 (Fed. Cl. Spec. Mstr. June 26, 2015) (no reasonable basis where Petitioner could not establish fact of vaccination; counsel had ample time to investigate claim, but relied on client's recollection of events, and then spent several months conducting discovery once case was filed into matter that could have been addressed sooner). Such is the case here.

---

[7] The amount billed in litigating the fees question, however, is another matter entirely. The total amount Petitioner asks to recover in this case is $21,622.62. Supplement at 1. Twenty-five percent of that figure reflects the costs of preparing the Reply. This is unacceptable for a case that lasted merely one year, and where counsel had nine months to investigate the matter before filing.

**CONCLUSION**

Based on all of the above, and in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, I hereby **DENY** Petitioner's Fees Application. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.


**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master
